THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **AL CASTELLANOS**<br>        *Plaintiff,*<br> versus<br>**BRYAN BURGER, ABC INSURANCE COMPANY, MUDDY BOTTOMS ATV & RECREATION PARK LLC, AND XYZ INSURANCE COMPANY**<br>        *Defendant.* | CIVIL ACTION NO.:<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND REQUEST FOR APPLICATION OF *CONTRA NON VALENTEM*

Al Castellanos respectfully pleads:

## INTRODUCTION

1.

This Complaint is brought against the identified Defendants for damages sustained in an ATV collision on or about February 18, 2017, under La. Civ. Code art. 2315.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff is a citizen of a state different from the state where Defendants are domiciled, incorporated, or have their principal places of business.

3.

Venue is proper in this district, because the accident occurred in Sarepta, LA, in Webster Parish, which falls within the jurisdiction of this Court.

## THE PARTIES

4.

Plaintiff, Al Castellanos, is of the full age of majority, and domiciled in Lee County Florida, who is qualified to sue.

5.

Made Defendants are:

A. Bryan Burger, a citizen of Terrell, Texas and of the full age of the majority;

B. ABC Insurance Company, a ficticious insurance corporation, named herein simply to hold the place for the insurance company made known through discovery;

C. Muddy Bottoms ATV & Recreation Park LLC, a Louisiana Limited Liability Company authorized to do and doing business in the State of Louisiana, whose members are all domiciled in the State of Louisiana ("Muddy Bottoms");

D. XYZ Insurance Company, a ficticious insurance corporation, named herein simply to hold the place for the insurance company made known through discovery.

## FACTUAL ALLEGATIONS

6.

The above-named Defendants are justly and truly indebted, jointly and in solido, unto Al Castellanos for damages, injuries, and losses sustained, with legal interest from judicial demand, costs of these proceedings, and other general and equitable relief as described below:

7.

Muddy Bottoms is a off-road and outdoor ATV and recreation park primarily designed for the riding of ATVs.

8.

Muddy Bottoms offers its guests a host of options for entertainment including pitching tents, building campfires, riding through the mud on their ATV's and live outdoor concerts.

9.

Muddy Bottoms promotes itself as a one of a kind ATV and recreational park that permits its customers the opportunity to operate various motorized vehicles on its 5,000-acre resort while consuming alcohol or under the influence of alcohol.[1]

10.

Nowhere in Muddy Bottoms' park rules does it state that the operating of motorized vehicles on its premises while consuming alcohol or under the influence of alcohol is prohibited.[2]

11.

The owners, management, and employees of Muddy Bottoms have never implemented any rules or measures to prohibit or prevent their customers from operating a motorized vehicle on its premises while consuming alcohol or under the influence of alcohol.

12.

Since Muddy Bottoms opened for business in May of 2014, there have been five separate ATV incidents on its premises that resulted in a *fatality* as a result of someone operating a motorized vehicle while under the influence of alcohol.[3]

---

[1] See screenshots from Muddy Bottoms Company Facebook Page, attached and annexed hereto as **Exhibit A**.

[2] See screenshots from Muddy Bottoms Company Website, attached and annexed hereto as **Exhibit B**.

[3] Minden Press Herald, "2 Killed In Weekend Crashes at Muddy Bottoms ATV Park", (Sept. 7, 2015), *available at* https://press-herald.com/reports-2-killed-in-weekend-crashes-at-muddy-bottoms-atv-park/;

Shreveport Times, "Addressing Drinking and Driving at Muddy Bottoms", (Sept. 12, 2015), *available at* https://www.shreveporttimes.com/story/news/local/2015/09/12/addressing-drinking-driving-muddy-bottoms/72144480/;

KTBS, "Concerns Arise Over Drinking and Driving at Local ATV Park, (Oct. 11, 2015), *available at* https://www.ktbs.com/news/concerns-arise-over-drinking-and-driving-at-local-atv-park/article_2e3c64d7-3966-5613-b0c5-34a445a9e8eb.html;

13.

Since Muddy Bottoms opened for business in May of 2014, there have been countless additional ATV accidents on its premises that resulted in its customers sustaining serious injuries as a result of someone operating a motorized vehicle while consuming alcohol or under the influence of alcohol.

14.

The owners, management, and employees of Muddy Bottoms knew or should have known that it was foreseeable or anticipated that its customers were/would operate their motor vehicles on Muddy Bottoms' premises while consuming alcohol or under the influence of alcohol.[4]

---

Magnolia Reporter, "Muddy Bottoms ATV Accident Kills Sarepta Woman", (Feb. 14, 2016), *available at* http://www.magnoliareporter.com/news_and_business/north_louisiana/article_7c8807a0-d361-11e5-8709-9fbac13f9b5b.html;

Shreveport Times, "Muddy Bottoms Incident Highlights Dangers of Sport", (Feb. 15, 2016), *available at* https://wlna-webservice.gannettdigital.com/articleservice/view/80418790/michigan-state-spartans/24.3.57/iphone?apiKey=57646bc6bca4811fea00000126a000bb69414f2a44f75039173cf104;

Minden Press Herald, "One Dead After Muddy Bottoms ATV Crash", (Mar. 25, 2016), *available at* https://press-herald.com/one-dead-muddy-bottoms-atv-crash/;

Magnolia Reporter, "Woman Dies In ATV Accident at Muddy Bottoms", (Mar. 26, 2016), *available at* http://www.magnoliareporter.com/news_and_business/north_louisiana/article_2d16faf4-f31a-11e5-a921-a7a36704cf0b.html;

Shreveport Times, "Victim Identified in ATV Accident at Muddy Bottoms", (Mar. 25, 2016), available at https://www.shreveporttimes.com/story/news/2016/03/25/atv-accident-muddy-bottoms-kills-1-injures-3/82283954/;

Shreveport Times, "Blood Stains Hands of Patrons, Not Just Muddy Bottoms", (Mar. 26, 2016), *available at* https://www.shreveporttimes.com/story/sports/columnists/roy-lang/2016/03/26/patrons-just-muddy-bottoms-blood-hands/82314084/;

ArkLatex, "Special Report: A Deeper Look Into Muddy Bottoms", (May 6, 2016), *available at* https://www.arklatexhomepage.com/news/local-news/a-deeper-look-into-muddy-bottoms/450069702;

Minden Press Herald, "Riders airlifted after crash at Muddy Bottoms", (Feb. 18, 2017), *available at* https://press-herald.com/reports-riders-airlifted-after-crash-at-muddy-bottoms/;

KSLA News 12, "2 Flown to Hospital After ATV Wreck at Muddy", (Feb. 19, 2017), http://www.ksla.com/story/34541158/2-flown-to-hospital-after-atv-wreck-at-muddy-bottoms/.

[4] See photo from Shreveport Times article on Muddy Bottoms depicting customer operating ATV at Muddy Bottoms while consuming alcohol, attached and annexed hereto as **Exhibit C**.

15.

Muddy Bottoms hosts several large events every year that attract thousands of ATV riders to its 5,000-acre resort.

16.

One of Muddy Bottoms' events it puts on every year is "Cajun Muddy Gras."



17.

Other events hosted at Muddy Bottoms include "Mud Gone Wild", "Mudstock", "Mudapalooza", "Redneck Revival", "Bayou Mudfest", and "Bikinis Bogs & BBQ"[5]

18.

Muddy Bottoms promoted the Cajun Muddy Gras event to be a no holds barred Mardi Gras on mud importing all of the druken revelry and spirit of the Mardi Gras carnival itself.

19.

Cajun Muddy Gras is propmoted as an alcohol fueled weekend of ATV riding on its grounds.

20.

An event promoted as a "Mardi Gras" type event where driving motoarized vehicles was at the forfront of the party ended exactly as should have been predicted.

21.

On or about February 18, 2017, Al Castellanos was the owner / operator of a side-by-side ATV at Muddy Bottoms.

---

[5] See illustration of prior events advertised on Muddy Bottoms website, attached and annexed hereto as **Exhibit D.**

22.

Al Castellanos was driving his ATV cautiously and with skill south-bound on a dirt road at Muddy Bottoms.

23.

At approximately the same time and place, Bryan Burger was the owner / operator of a 4-wheeler.

24.

Bryan Burger was driving his 4-wheeler in a grossly negligent, wildly reckless manner, and at a high rate of speed north-bound on the same dirt road at Muddy Bottoms.

25.

Suddenly, negligently, and without warning, Bryan Burger swerved into the left (south-bound) lane violently hitting Al Castellanos's ATV head-on.

26.

The collision described above was caused by the recklessness, carelessness, and fault of Bryan Burger in the following non-exclusive particulars, each of which singularly or combined with the others, was a proximate cause of the occurrence in question:

- A. In failing to keep a proper lookout;
- B. In failing to keep his vehicle under proper control;
- C. In driving while consuming alcohol or under the influence of alcohol;
- D. In creating an unreasonable risk of harm;
- E. In failing to steer his vehicle properly so as to avoid striking the petitioner's vehicle;
- F. In operating his vehicle in a wanton and reckless manner with no regard for the safety and rights of others;
- G. In exercising care less than what would be expected of an ordinarily prudent person under the same or similar circumstances;
- H. Such other acts of negligence, omissions, and legal fault discovered, which violated the exercise of due care and prudence, to be shown during trial or revealed through discovery.

27.

Together with the negligence alleged above, another cause of the above-described collision was the fault and negligence, recklessness, carelessness, of Muddy Bottoms ATV & Recreation Park LLC in the following non-exclusive particulars:

A. In promoting itself as a business that permits the operation of motorized vehicles on its premises while consuming alcohol or under the influence of alcohol;
B. Permitting its customers to operate motorized vehicles on its premises while consuming alcohol or under the influence of alcohol;
C. Operating a business that knowingly allows its customers the opportunity to break the law on its premises for a profit;
D. In failing to implement reasonable company rules and safety/security measures to prevent its customers from operating motorized vehicles on its premises while consuming alcohol or under the influence of alcohol, when those acts of its customers are foreseeable;
E. Failing to ensure the safety of its customers from illegal acts of others it knowingly permits;
F. Failing to exercise reasonable care for the safety of its customers on its premises;
G. Exposing the customers on its premises to unreasonable risks of injury or harm;
H. Failing to protect its customers from foreseeable or anticipated criminal acts from other customers;
I. Failing to exercise reasonable care for the safety of its customers on its premises when the owners, management, and employees of Muddy Bottoms had or should have had knowledge that its customers were operating motorized vehicles on its premises while consuming alcohol or under the influence of alcohol and it was within the power of the owners, management, and employees of Muddy Bottoms to prevent such actions of its customers;
J. Failing to exercise reasonable care for the safety of its customers on its premises when the owners, management, and employees of Muddy Bottoms had or should have had knowledge that its customers were operating motorized vehicles on its premises while consuming alcohol or under the influence of alcohol and it was within the power of the owners, management, and employees of Muddy Bottoms to protect its customers from sustaining any harm or injury as a result of such actions;
K. Failing to provide adequate security personnel to prevent a foreseeable or expected accident from occurring;
L. In failing to adequately train its management and employees to prevent customers from operating motorized vehicles on its premises while consuming alcohol or under the influence of alcohol;

M. In failing to supervise properly and instruct its management and employees to prevent customers from operating motorized vehicles on its premises while consuming alcohol or under the influence of alcohol;
N. All other acts of negligence or fault to be shown during trial or revealed through discovery.

28.

The combined fault, negligence, and recklessness of defendants was the proximate cause of Al Castellanos's severe and disabling injuries including, but not limited to:

A. Back;
B. Neck;
C. Brain;
D. Head trauma;
E. Spinal cord;
F. Shoulder; and
G. All other injuries to be shown at trial.

29.

Because of the combined fault, negligence, and recklessness of the defendats in causing the collision described above, Al Castellanos sustained severe and disabling injuries and losses including, but not limited to, the following:

A. ATV damage and expenses related to its repair;
B. Disfigurement and scarring;
C. Household expenses;
D. Loss of body capacity;
E. Loss of earning capacity (past and future);
F. Loss of enjoyment of life (past and future);
G. Loss of mental and intellectual function;
H. Lost wages (past and future);
I. Medical expenses (past and future);
J. Mental pain, anguish, and distress (past and future);
K. Physical impairment and disability;
L. Physical pain and suffering (past and future);
M. Prescription medication expenses (past and future);
N. Other elements of damages developed during discovery and demonstrated at the trial of this matter.

30.

Defendant Bryan Burger and ABC Insurance Company are also liable unto Al Castellanos for exemplary damages under La. Civ. Code art. 2315.4, because the injuries on which this action is based were caused by the wanton and reckless disregard for the rights and safety of others by Burger, who had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties, and his intoxication while operating a motor vehicle was a cause-in-fact of collision causing the injuries sued upon herein.[6]

31.

On and before Saturday, February 18, 2017, Defendant, ABC Insurance Company, had issued a liability policy, insuring Bryan Burger against liability for fault and acts of negligence and gross negligence, including the negligent acts described herein. Petitioner is informed, believes, and, therefore alleges this policy was in full force and effect at the time of the collision sued on herein.

32.

On and before Saturday, February 18, 2017, Defendant, XYZ Insurance Company, had issued a liability policy, insuring Muddy Bottoms against liability for fault and acts of negligence and gross negligence, including the negligent acts described herein. Petitioner is informed, believes, and, therefore alleges this policy was in full force and effect at the time of the collision sued on herein.

33.

Bryan Burger, ABC Insurance Company, Muddy Bottoms, and XYZ Insurance Company are, therefore, liable in solido to Al Castellanos for the damages sustained in and arising from said collision.

34.

The Plaintiff, Al Castellanos, is therefore entitled to damages for the items set forth above in such amounts as are reasonable under the premises.

---

[6] *Flowers v. Miller*, 2010-1201 (La. App. 1 Cir. 03/25/11); 58 So. 3d 1152 (citing *Minvielle v. Lewis*, 610 So.2d 942, 946 (La. App. 1st Cir. 1992)).

### *CONTRA NON VALENTEM AGERE NON CURRIT PRAESCRIPTIO*

35.

Federal 5th Circuit and Louisiana courts and doctrine have recognized a significant exception to the accrual of liberative prescription when certain significant impediments interfere with the obligee's acting on his claim. This exception to the ordinary operation of liberative prescription is known as *contra non valentem*.

36.

LA C.C. Article 3467[7] reads: "[p]rescription runs against all persons unless exception is established by legislation." Comment (d) to that article acknowledges that cases interpreting the predecessor of this article, C.C. art. 3521, "in exceptional circumstances … resorted to the maxim." And the comment concludes "This jurisprudence continues to be relevant." Thus, the revision of the law of prescription acknowledges that the courts may apply the maxim.[8]

37.

Plaintiff was *severely* injured in this accident.

38.

Plaintiff was immediately transported by air med from the scene of the accident to University Health Center in Shreveport.

39.

Plaintiff was in a coma for, months following the accident.

40.

Plaintiff awoke from the coma only to be put back into a medically induced coma for several more months.

---

[7] As revised effective Jan. 1, 1983.

[8] See generally Nichols, Contra Non Valentem, 56 La. L. Rev. 337 (1995).

41.

Upon awaking from the medically induced coma and for a long period of time afterwards, plaintiff lacked any understanding of what had happened to him and of his possible legal remedies.

42.

By the time plaintiff understood what had happened to him and of his possible legal remedies, prescription on this claim hand long since run its course.

43.

The defendants' combined fault, negligence, recklessness, and carelessness described above made it impossible for the plaintiff to timely avail himself of his legal remedies as a result of the **tort-caused** mental incapacity.

44.

Louisiana courts generally apply *contra non valentem*, specifically, the doctrine that liberative prescription does not run "when the plaintiff does not know nor reasonably should know of the cause of action."[9]

45.

The Louisiana Supreme Court of Louisiana has ruled that prescription does not run against a plaintiff who was unable to act when the plaintiff's inability to act is due to defendant's willful or negligent conduct.[10]

46.

Plaintiff desires to have this Honorable Court fix the fees for every witness whom the Plaintiff may need to call or use to establish this cause and to tax the same as costs.

---

[9] This is the fourth situation in which contra non valentem is recognized. The other three are: "(1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit." Stevens v. Bruce, 878 So. 2d 734, 739 (La. Ct. App. 3d Cir. 2004).

[10] *Corsey v. State, Through Dept. of Corrections*, 375 So. 2d 1319, 1321, (La. 1979); *Harsh v. Calogero*, 615 So. 2d 420, 422, (La. App. 4th Cir. 1993).

## PRAYER AND REQUEST FOR RELIEF

**FOR THESE REASONS, AL CASTELLANOS PLAINTIFF PRAYS:**

- A. For all damages to which the Petitioner is entitled, including, general and special damages, punitive damages, and attorney's fees;
- B. Certified copies of this Petition for Damages with citations be issued and served according to the law on the Defendants: Bryan Burger; ABC Insurance Company; Muddy Bottoms ATV & Recreation Park LLC; and XYZ Insurance Company;
- C. This Complaint be filed and incorporated into the record of these proceedings;
- D. After the lapse of all legal delays and due proceedings, there be judgment against Bryan Burger; ABC Insurance Company; Muddy Bottoms ATV & Recreation Park LLC; and XYZ Insurance Company *in solido*, and rendered for Al Castellanos, in such amounts as are reasonable in the premises;
- E. For exemplary damages under La. Civ. Code art. 2315.4;
- F. For legal interest from the date of judicial demand on all amounts awarded;
- G. For legal interest from the date of judgment on all costs awarded;
- H. For notices of all hearings, trials, and judgments as requested concurrently;
- I. For all necessary orders and decrees as required or proper for the relief to which Plaintiff may be entitled;
- J. For expert fees to be set by this Court;
- K. For medical record retrieval fees, costs, and expert fees required of these proceedings; and
- L. For such other, further legal and equitable relief as the Court considers necessary and proper.

Respectfully submitted:

s/Stephen Babcock
**STEPHEN BABCOCK, T.A. (**26792)
**CHASE TETTLETON** (32721)
**BABCOCK PARTNERS, LLC**
10101 Siegen Lane, Ste. 3C
Baton Rouge, LA 70810
(225) 344-0911
(225) 761-9088 (fax)
*sb@babcockpartners.com*
*ct@babcockpartners.com*
ATTORNEYS FOR AL CASTELLANOS

*PLEASE SERVE:*

**Bryan Burger**
8062 CR 344
Terrell, TX  75161

**Muddy Bottoms ATV & Recreation Park LLC**
*Through its agent for service*
Malcolm S. Murchison
401 Edwards St, Ste 1000
Shreveport, LA 71101